IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Stacie Powell, | ) | MEMORANDUM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20110195-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (March 29, 2012) |
| Department of Commerce, | ) | |
| | ) | 2012 UT App 83 |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys:    Catherine M. Larson and Jennifer R. Carrizal, Salt Lake City, for
Petitioner
Mark L. Shurtleff, Nancy L. Kemp, and Laurie L. Noda, Salt Lake City,
for Respondent

-----

Before Judges Davis, Roth, and Christiansen.

ROTH, Judge:

¶1      Stacie Powell seeks review of the decision by the Department of Commerce (the
Department) to revoke her nursing license on the basis that the revocation was not

supported by substantial evidence and was arbitrary and capricious.[1] We decline to disturb the Department's ruling.

¶2    When reviewing an agency decision,

> [t]he appellate court shall grant relief only if, on the basis of the agency's record, it determines that a person seeking judicial review has been substantially prejudiced by . . . a determination of fact, made or implied by the agency, that is not supported by substantial evidence when viewed in light of the whole record before the court . . . [or] the agency action is . . . otherwise arbitrary or capricious.

Utah Code Ann. § 63G-4-403(4)(g), (h)(iv) (2011).  An agency decision is supported by substantial evidence if "a reasonable mind could reach the same conclusion as [did] the [agency]." *Patterson v. Utah Cnty. Bd. of Adjustment*, 893 P.2d 602, 604 (Utah Ct. App. 1995); *see also Smith v. Workforce Appeals Bd.*, 2011 UT App 68, ¶ 9, 252 P.3d 372 ("Substantial evidence is that quantum and quality of relevant evidence that is adequate to convince a reasonable mind to support a conclusion." (internal quotation marks omitted)).  We will review a "claim[] that an agency action was arbitrary and capricious for reasonableness."  *See Bourgeous v. State Dep't of Commerce*, 2002 UT App 5, ¶ 7, 41 P.3d 461 (internal quotation marks omitted).

¶3    Powell was originally licensed as a nurse in both Utah and Arizona.  In April 2004, she self-reported to the Arizona Board of Nursing that she had inappropriately used controlled substances.  As a result, Powell agreed to participate in a professionals-in-recovery program for three years.  Over the next two-and-a-half years, however, Powell tested positive for oxycodone four times and alcohol once and she failed to undergo a required chemical dependency evaluation.  As a result, in November 2006, the Arizona Board of Nursing revoked her license.  Based on the events in Arizona and

---

1. Powell's license had previously been revoked, but the revocation had been stayed pending completion of probation; the Department action complained of on judicial review is therefore its decision to lift the stay of revocation.  Although we recognize the distinction between revocation and the lifting of a stay of revocation, the parties and the relevant agencies have referenced the consequence of Powell's actions as simply a revocation.  For simplicity, we too will generally refer to the agency decision as one to revoke, except where the distinction has some independent significance.

her failure to report them to the Utah licensing board on her renewal application, the Utah Division of Occupational and Professional Licensing (the Division) entered into a stipulation with Powell in March 2007 (the 2007 Stipulation) that revoked her Utah nursing license but stayed enforcement of that revocation in return for her commitment to abide by the terms of a five-year probation. Eighteen months later, the Division filed a verified motion for an order to show cause on the basis that Powell had failed to comply with the terms of the 2007 Stipulation.

¶4  On December 1, 2008, Powell and the Division entered into another Stipulation and Order (the 2008 Order), in which Powell admitted that she had violated a number of the terms of the 2007 Stipulation. The most serious violation was Powell's failure to provide "samples for drug analysis" on over twenty occasions, a failure that Powell attributed to her "concerns about the integrity of the samples she had provided on previous occasions due to actions or omissions on the part of the employees of the drug testing company[, Compass Vision]." The Division agreed to continue the stay of her license revocation pending Powell's completion of the conditions of a new four-year probation, which included, among other things, a requirement that she submit to regular drug testing by Compass Vision, the facility contracted by the Division.[2] Acknowledging Powell's prior concerns with Compass Vision's policies and procedures, the 2008 Order instructed Powell to immediately report to the Division any concerns that she might have about the integrity of any particular drug testing procedure. The order warned Powell that "[a]ny report from [Compass Vision] that indicates that [Powell] failed to provide a sample for drug analysis as directed may be considered a positive drug test result." It further notified Powell that the 2008 Order was "the final compromise and settlement of this non-criminal administrative matter" and violation of any of its terms or conditions could result in the imposition of sanctions, including "revocation or suspension of [Powell]'s license." Powell, with the advice of counsel, signed the 2008 Order, attesting that she "ha[d] read each and every

---

2. Some additional requirements of the 2008 Order included that Powell meet with the Board of Nursing as directed; participate in substance abuse therapy and aftercare; complete any additional chemical dependency evaluations and treatment programs recommended by the Board of Nursing or the Division; abstain from alcohol and drug use, unless prescribed; limit the number of facilities from which she obtained prescription medications and submit copies of any prescriptions received; notify employers of her probationary status; submit self-assessments as well as employer performance evaluations; report changes in employment status to the Board of Nursing; and pay certain costs associated with drug testing and as required by the order.

paragraph contained in this . . . Order" and "ha[d] no questions about any paragraph or provision contained in [it]."

¶5      Ten months later, on September 30, 2009, the Division filed a second verified motion for an order to show cause, this time alleging that Powell had violated the 2008 Order. The motion alleged a number of specific violations, the most serious being that she had failed to register for drug testing with Compass Vision.[3]

¶6      Following a hearing, the Board of Nursing (the Board)[4] determined that Powell had violated the 2008 Order by, among other things, failing to sign up for or complete any drug testing.[5] Furthermore, because the failure to register for or complete any drug testing was the most "serious violation" and she had previously been noncompliant

---

3. In particular, the motion alleged that Powell had
> a) fail[ed] to meet with the Division on May 28, 200[9], in violation of Section 7(1)a of the Order;
> b) fail[ed] to provide a copy of a prescription for hydrocodone to the Division that she received on April 3, 2009 in violation of Section 7(1)d of the Order;
> c) fail[ed] to sign up with Compass Vision for drug testing in violation of Section 7(1)f of the Order;
> d) fail[ed] to provide reports and documentation to the Division on the first day of the month for the months of May, June and July 2009 in violation of [Section] 7(1)i of the Order;
> e) fail[ed] to notify the Board [of Nursing] in writing within one week of any change in employer, employment or practice status in violation of Section 7(1)r of the Order.

4. An administrative law judge presided over the proceedings and executed the findings of fact, conclusions of law, and recommended order on behalf of the Board. The Board, through ten of its eleven members, actually rendered the decision.

5. The Board also found Powell in violation of the 2008 Order for failing to appear for a scheduled meeting with the Division, failing to provide the Division with a copy of a prescription she had received for hydrocodone, and failing to notify it about an employment change. It concluded, however, that there was insufficient evidence to support a finding that Powell had violated the requirement that she submit monthly reports and documentation.

20110195-CA                                4

with disciplinary orders to which she was subject (including persistent failure to drug test), the Board concluded that "nothing would be served by entering more restrictive terms of probation" and recommended, in the interest of "public health, safety and welfare," that Powell's nursing license be revoked. On May 18, 2010, the Division adopted the Board's findings of fact, conclusions of law, and recommended order and revoked Powell's license.

¶7 Powell requested the Department's review of the revocation, claiming that the Division had failed to produce substantial evidence that Powell had an ongoing substance abuse problem. Powell asserted that in the absence of such evidence, the Board's decision to revoke her nursing license on the basis that she was a threat to public health, safety, and welfare was arbitrary and capricious. Powell did not, however, challenge the Board's specific findings that she had committed numerous violations of the 2008 Order. The Department upheld the revocation. It stated that the unchallenged findings provided a sufficient basis to support a revocation. Then, it concluded that the sanction of license revocation was not unreasonable based principally on two related factors. First, in return for the Board's agreement to stay the revocation of her license in December 2008, Powell had knowingly and willingly agreed to register for and complete regular drug testing through Compass Vision despite her reservations about the integrity of the company's procedures, and second, the 2008 Order expressly warned her that a "failure to provide a sample for drug analysis may be considered a positive drug test result," a violation of the order for which her license could be revoked. Furthermore, the Department noted the Board's concerns that Powell's last minute assurances that she would now comply with the drug testing requirements if given another opportunity were unreliable in light of her history, and it consequently declined to substitute its judgment for that of the Board, which heard her live testimony that included the promises of future compliance.

¶8 Powell's arguments in her briefing to this court are substantially identical to those she made to the Department. First, she contends that the revocation is not supported by substantial evidence because the Division presented no evidence that proved that she actually has an ongoing substance abuse problem that made her a threat to the public health, safety, and welfare. We agree with the Department, however, that the revocation was not based on a conclusion that Powell was currently abusing substances but rather on a finding that Powell had committed "specific violations of the 2008 . . . Order," the most "serious violation" of which was the failure to submit to mandatory drug testing. In fact, the Department found that Powell had "simply and unilaterally determined that . . . drug testing will not occur" as evidenced by "her repeated failure to submit to drug testing" in connection with prior disciplinary

procedures. Powell has not challenged those findings.[6] Because the language of the Order itself permits license revocation as a consequence for the violation of its terms, and violations undisputedly occurred, there is substantial evidence to support the Department's decision. *See generally Smith v. Workforce Appeals Bd.*, 2011 UT App 68, ¶ 9, 252 P.3d 372 ("Substantial evidence is that quantum and quality of relevant evidence that is adequate to convince a reasonable mind to support a conclusion." (internal quotation marks omitted)). The Department simply was not required to prove that Powell was currently abusing drugs; rather, the conditions of the 2007 Stipulation and 2008 Order were designed to ensure she was drug-free without requiring the Department to bear the burden of affirmatively proving that she was not.

¶9      Powell next asserts that the decision to revoke her license was arbitrary and capricious. Powell's assertion has two components: first, the decision was based on an assumption that she has an ongoing substance abuse problem that renders her a threat to public health, safety, and welfare, and second, permanent revocation of her nursing license is disproportionate to the offense and inconsistent with the Division's usual course of conduct in these situations. Because the second claim was not raised in the administrative proceeding, it is unpreserved for judicial review, and we decline to consider it further. *See generally Columbia HCA v. Labor Comm'n*, 2011 UT App 210, ¶ 6, 258 P.3d 640 ("Utah law requires parties to preserve arguments for appellate review by raising them first in the forum below--be it a trial court or an administrative tribunal.").[7]

¶10     Powell's claim that the decision was based on an inaccurate assumption that she continues to abuse substances encounters the same problem as her claim that the

---

6. To the contrary, Powell admits that she "made a poor decision in not registering for the drug testing program."

7. In addition to being unpreserved, the issue is inadequately briefed. For example, Powell asserts, in a footnote, that "[t]here are several examples on the Division . . . website of nurses violating and/or failing to comply with disciplinary terms imposed by the Division, . . . [in which] the licenses . . . have only been restricted and/or placed on limited probation[,] . . . not permanently revoked." Powell, however, neither provides a citation to access these cases nor discusses any of the facts or the analyses of those cases in relation to her case. *See generally Hampton v. Professional Title Servs.*, 2010 UT App 294, ¶ 2, 242 P.3d 796 (mem.) ("Implicitly, rule 24(a)(9)[, which discusses appellate briefing,] requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority." (internal quotation marks omitted)).

decision was not supported by substantial evidence. The Board's recommendation to revoke was not based on evidence that Powell was then abusing drugs but on its conclusion that revocation was the only "adequate protection of the public health, safety and welfare" because Powell had committed a "serious violation" in failing to register for drug testing and had a "history of unprofessional conduct," including "prior unauthorized use of controlled substances" and "repeated instances" of violating "various prior disciplinary orders . . . governing her license." When Powell argued to the Department that this conclusion implicitly relied on an erroneous inference that she was currently abusing controlled substances, the Department stated that Powell had "failed to establish that the revocation of her license was clearly unreasonable under the circumstances of this case" because "the sanction of revocation was a direct consequence of [her] failure to comply with [the 2008 Order]." Indeed, it explained that the Board had determined that revocation was the only "adequate protection" for the public because it could not "independently assess whether any [drug abuse] behavior had occurred" based on Powell's "unilateral[] determin[ation] that . . . drug testing will not occur." The Department continued, "[T]he Division and the Board . . . ha[ve] grave concerns about [Powell]'s credibility and her reliability in light of her prior history. [The Department] will not substitute [its] own judgment for that of the the [finder of fact]" regarding the decision to revoke her nursing license rather than to offer Powell another chance at probation.

¶11    Powell makes similar arguments to this court. She claims that there was no evidence that she was a threat to public health, welfare, and safety because there was no direct evidence that she was then abusing controlled substances. In fact, she asserts, the evidence demonstrated the opposite because even without the drug testing results, the reports from her employers contain no indication that she has been using controlled substances or that she has otherwise had problems on the job. In the absence of any evidence that she is actually abusing drugs, Powell contends that the more appropriate remedy for her noncompliance with the 2008 Order was another stint of probation similar to the two she had failed to complete or some other less severe punishment. The Department argues, however, that it is the absence of drug testing results that makes her a potential threat because Powell has a history of unreliability--as demonstrated by her failure to submit to drug testing and to reschedule meetings with the Division--and has established a pattern of denial about her drug abuse history and rationalizations for her failures to comply with the terms of the 2007 Stipulation and the 2008 Order. Indeed, in light of her admitted drug abuse in the past and her resolute failure to comply with the drug-testing regimes that were central to both the 2007 Stipulation and the 2008 Order, the lack of any affirmative evidence of more recent drug abuse does not provide any basis to criticize the reasonableness of the Board's ongoing concern about her fitness to practice as a nurse. Rather, the parties agreed, more than once, that drug

testing would be the means for ensuring public safety by providing an "objective way for the Division to determine whether [Powell] was engaging in unauthorized substance abuse," and the 2008 Order clearly warned her that failure to comply with the drug-testing requirement could result in revocation of her nursing license. In fact, Powell stipulated in the 2008 Order that the Division had adequate grounds to revoke her license based on her violations of similar conditions in the 2007 Stipulation and agreed to the 2008 Order's conditions as a means of staying that sanction. Under such circumstances, Powell has failed to persuade us that revocation of her license was an unreasonable consequence for her failure to comply with the 2008 Order. *See generally Bourgeous v. State Dep't of Commerce*, 2002 UT App 5, ¶ 7, 41 P.3d 461 (stating that we review a claim that "an agency action was arbitrary and capricious for reasonableness" (internal quotation marks omitted)).

¶12     For these reasons, we uphold the Department's decision to revoke Powell's nursing license.

_____
Stephen L. Roth, Judge

-----

¶13     WE CONCUR:

_____
James Z. Davis, Judge

_____
Michele M. Christiansen, Judge